IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DOMCO PRODUCTS TEXAS INC., AS       §
SUCCESSOR-IN-INTEREST TO UVALDE     §
ROCK ASPHALT, INC.,                 §
                                    §
                Plaintiff,          §
                                    §
VS.                                 §   CIVIL ACTION H-12-2072
                                    §
THE CONTINENTAL INSURANCE           §
COMPANY, AS SUCCESSOR-IN-           §
INTEREST TO HARBOR INSURANCE        §
COMPANY,                            §
                                    §
                Defendant.          §

## OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging breach of contract, violations of the Texas Insurance Code, and bad faith handling and seeking a declaratory judgment that Plaintiff Domco Products Texas Inc. ("Domco")[1] is entitled to insurance coverage under three excess liability insurance policies, issued in the late 1970's and early 1980's, for asbestos-related bodily injury claims asserted against it in underlying litigation,

---

[1] Domco's Amended Complaint (#20) explains that it is the successor to companies that marketed products containing asbestos from 1932-1982. In 1986 and continuing today it has been sued in more than 4,000 suits for personal injury claims for exposure to asbestos from these products during the 1970's and 1980's. From 1972-86 Domco purchased general liability insurance policies, including excess/umbrella insurance policies that did not include asbestos exclusions, including insurance policies issued by Harbor Insurance, predecessor-in-interest to Continental, that provided coverage for Domco's predecessor-in-interest, Uvalde Rock Asphalt, Inc.

-1-

is Defendant the Continental Insurance Company's ("Continental's") motion for separate trials (instrument #13).

## Standard of Review

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to jury trial."

"[S]eparation of issues is not the usual course that should be followed." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1324 (5th Cir. 1976). "A motion to bifurcate is a matter within the sole discretion of the trial court, and [the Fifth Circuit] will not reverse the court's decision absent an abuse of that discretion." *First Texas Savings Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992), *citing Gonzalez-Marin v. Equitable Life Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir. 1988). The decision is left to the sound discretion of the district court based on the circumstances of the litigation before it. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74 (5th Cir. 2009). As an important limitation on separation of trial of issues, "'the issue to be tried must be distinct and separate from the others that a trial of it alone may be had without injustice.'" *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993), *quoting*

*Swofford v. B.&W., Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965).  That limitation reflects that, "'inherent in the Seventh Amendment's guarantee of a trial by jury is the 'general right of a litigant to have only one jury pass on a common issue of fact.'"  *Aspen Technology, Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, *2 (S.D. Tex. Jan. 10, 2011), *quoting State of Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir, 1978).  As a related and pragmatic consideration, "'if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.'"  *Id., citing McDaniel*, 987 F.2d at 305, and *Blue Bird Body*, 573 F.2d at 318.  "[E]ven if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992).  The party seeking separate trials bears the burden of demonstrating that separation is necessary.  *Aspen Technology*, 2011 WL 86556, *3 (and cases cited therein).

Charles Alan Wright and Arthur R. Miller observe,

If a single issue could be dispositive of the case or is likely to lead the parties to negotiate a settlement, and resolution of it might make it unnecessary to try the other issues in the litigation, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties.

9A *Federal Practice and Procedure* § 2388 at p. 100 (3d ed. 2008).

**Continental's Motion for Separate Trials (#14) and Reply (#15)**

Continental explains that the issue of coverage is dependent in part on whether there was coverage under the primary insurance policies that underlay Continental's excess policies and whether that coverage has been properly exhausted, as is required to trigger coverage under the excess policies. Continental points to a Contractors Limitation Endorsement in each of the excess policies and argues that this endorsement establishes that unless the underlying primary policies provided coverage for products and completed operations, neither do the excess policies:

> It is understood and agreed that except insofar as coverage is available to the Insured in the underlying insurances as set out in the attached schedule this insurance shall not apply . . . [t]o products and completed operations.

#13, Composite Ex. B, 1978-80 Policy at Endorsement No. 2, 1979-80 Policy at Endorsement No. 5, 1980-81 Policy at Endorsement No. 2,

Continental asserts that Domco has been unable to locate the primary insurance policies or to determine their terms. If the parties can obtain copies of the primary policies in discovery, the issues may be easily and economically resolved. If they cannot and if Domco cannot meet its burden to prove coverage under the primary policies, all the other issues regarding the excess policies would be moot and substantial discovery and trial preparation time would be unnecessary. If the parties do obtain copies of the primary

policies during discovery, those issues could be resolved, and the
Court can then address the stayed issues, such as breach and
damages, which turn on terms of the primary policies.   Thus
Continental seeks to  bifurcate  discovery and trial to allow the
parties first to take discovery concerning the terms and conditions
of the primary policies and dispositive motions concerning them,
and, if those issues are not resolved, to try these limited issues
in the first phase pursuant to Federal Rule of Civil Procedure
42(b).

### Domco's Response (#14)

Insisting that separate trials will not promote judicial
efficiency, but instead a waste of judicial resources, Domco argues
that a determination of the terms in the underlying primary
insurance policies is not a threshold issue.  Domco points out that
under Texas law, the insurer has the obligation to demonstrate that
an exclusion to an insurance policy is applicable.  *Federated Mut.
Ins. Co. v. Grapevine Excavation Inc.*, 197 F.3d 720, 723 (5th
Cir.)("The burden is on the insured to show that a claim against
him is potentially within the policy's coverage under the policies;
however, if the insurer relies on the policy's exclusions, it bears
the burden of proving that one or more of those exclusions apply.
Once the insurer proves that an exclusion applies, the burden
shifts back to the insured to show that the claim falls within an
exception to the exclusion."), *question (on right to attorney's*

*fees) certified to and answered sub nom. Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W. 3d 1 (Tex. 2000), *answer to certified question conformed to, Federated Mutual Ins. v. Grapevine Excavation, Inc.*, 241 F.3d 396 (5th Cir. 2001). Continental conclusorily asserts that the Contractors Limitation Endorsement "clearly" applies to exclude coverage for the underlying asbestos litigation, without any supporting facts, and proceeds to the question whether coverage in the Underlying Policies serves as an exception to the exclusion. Instead Continental must first show that the Contractors Limitation Endorsement applies to the policies and excludes coverage under the umbrella policies before any inquiry into the terms of the underlying policies becomes necessary. Moreover, maintains Domco, such a determination could not be made until discovery is completed.[2]

Even if the Court were to conclude that Continental had met its burden to demonstrate that the exclusion applies to the underlying policies and that a determination about the existence of terms of the underlying policies is necessary, Domco urges that the Court should still deny Continental's motion because bifurcation would waste time and judicial resources. In arguing that a

---

[2] Domco claims there are multiple ambiguities in the endorsement and that on its face it does not appear to apply. In a footnote Domco explains that Domco has provided detailed information to Continental for years about the underlying litigation, and Continental knows that Domco and its predecessor were manufacturers, not contractors.

separate trial to ascertain the terms of the underlying policies will eliminate the need to explore other issues in this case, Continental assumes that Domco will be unable to demonstrate the existence and terms of the underlying policies and therefore the Court will conclude that Domco is not covered under the umbrella policies.   Domco contends that Continental fails to consider the waste that will occur in the highly likely circumstance that Domco will be able to demonstrate the existence and terms of the underlying policies.   Domco also relies on *Divine Restoration Apostolic Church v. Nationwide Mut. Ins. Co.*, Civ. A. No. 4:09-cv-0926, 2010 WL 1064727 (S.D. Tex. Mar. 19, 2010), in which Judge Keith Ellison rejected an insurer's argument on behalf of its motion for separate trials under Rule 42(b) that resolving the insured's breach of contract claims first would promote judicial efficiency "because the extra-contractual claims depend on the outcome of the contract claim" and might well moot the extra-contractual claims. *Id.* at *2.   The court wrote, "At this stage in the litigation, the Court cannot speculate as to which party might be more likely to prevail.   It thus will not order separate trials on the speculation that doing so might promote judicial efficiency." *Id.* at *3.   *See also Hardesty Builders, Inc. v. Mid-Continent Cas. Co.*, Civ. A. C-10-142, 2010 WL 2787810, *4 (S.D. Tex. July 14, 2010)("Separate trials will save time and resources only if, in fact, [the insurer] prevails on the contractual claim.

If it does not, then a great deal of time will be wasted retaking depositions, engaging in additional discovery, empaneling a new jury, and conducting a second trial.").

## Court's Decision

After considering the matter the Court agrees with the views of the district courts in *Divine Restoration Apostolic Church* and *Hardesty*. Continental has not proven that separation of the issues here is justified. Any saving in time and expense is speculative at this stage of the litigation. Nor can the Court now determine whether multiple trials would not result in duplication of testimony and other evidence. Accordingly, the Court

ORDERS that Continental's Rule 42(b) motion (#13) is currently DENIED without prejudice, but may be reurged at a later date if effects of bifurcation can be predicted with greater certainty.

**SIGNED** at Houston, Texas, this ___29th___ day of ___May___ , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE